IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 09-00257-WS-N |
| ) | |
| DAVID CLIFTON FULFORD, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on remand with instructions from the U.S. Court of Appeals for the Eleventh Circuit.  (*See* doc. 50.)

Defendant, David Clifton Fulford, entered a plea of guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and two counts of knowing receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) & (b).  At sentencing, the unersigned determined that Fulford's adjusted offense level was 37 and that his criminal history category was I, yielding a guideline range of 210 to 262 months.  In so finding, the Court applied a five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(C) for distribution of child pornography to a minor, based on evidence that Fulford had distributed images of child pornography via the Internet to a person going by the user name "Dawn" whom he believed to be a 13-year old female.  The Court imposed a low-end sentence of 210 months as to each of the receipt/distribution counts, and 120 months as to the possession count, all such terms to run concurrently.

On appeal, the Eleventh Circuit vacated the judgment, holding that a defendant's mere belief that the recipient of child pornography is a minor is not sufficient to trigger a § 2G2.2(b)(3)(C) enhancement.  The appellate court remanded the case to this District Court with instructions "to make a finding regarding whether the government has proven by a preponderance of the evidence that at the time Fulford sent the child pornography Dawn was under 18 years of age."  *United States v. Fulford*, 662 F.3d 1174, 1181 (11th Cir. 2011).

Following remand, the parties submitted supplemental briefs concerning the application of the § 2G2.2(b)(3)(C) enhancement to Fulford's circumstances, and particularly whether the

Government had shown that "Dawn" actually was a minor. On March 7, 2012, the undersigned entered an Order (doc. 55) making specific determinations that (i) the Government had not proven by a preponderance of the evidence that at the time Fulford sent the images of child pornography "Dawn" was under 18 years of age; (ii) the § 2G2.2(b)(3)(C) enhancement was therefore unavailable; and (iii) consistent with the appellate mandate, the Court would resentence Fulford without that enhancement. The March 7 Order explained that, after subtracting out the § 2G2.2(b)(3)(C) enhancement, Fulford's revised total offense level is 32 and his criminal history category remains at I, which translates to a guideline range of 121 to 151 months.

At the Court's request, the parties submitted written statements setting forth their respective positions as to whether a full resentencing hearing was necessary. (*See* docs. 56, 57.) Having reviewed those written submissions, the Court finds that no resentencing hearing is required here for two reasons. First, as the Government points out, a full resentencing hearing need not be held in cases involving limited remands. *See United States v. Tamayo*, 80 F.3d 1514, 1518-19 (11th Cir. 1996) (distinguishing between resentencing following vacatur of an entire sentencing package on appeal, which requires a hearing, and resentencing to correct a portion of a sentence on remand, which does not).[1] The Eleventh Circuit's remand in this case was confined to the specific question of whether the Government had proven that "Dawn" was under 18 years of age when Fulford transmitted child pornography to her/him. *See Fulford*, 662 F.3d at 1181. In this kind of limited remand scenario, no resentencing hearing is necessary, where the sentence modification does not render the sentence more onerous and where the defendant has previously been given an opportunity to rebut the presentence report and to allocate at the original sentencing hearing. Those conditions are satisfied here. Second, even if Fulford did have a right to a full resentencing hearing, he has unequivocally waived it. In particular, defense counsel has indicated that "[b]ased on defense counsel's conversation with Fulford and the noted points made by this Honorable Court, Fulford is waiving his right to a full sentencing hearing."

---

[1] *See also United States v. Moore*, 2010 WL 1192584, *2 n.4 (11th Cir. Mar. 30, 2010) (rejecting argument that district court must hold resentencing hearing where appellate court had issued only a limited remand, without vacating sentence in its entirety); *United States v. McCauley*, 2001 WL 34075508, *3 (M.D. Ala. Dec. 12, 2001) ("[o]n a limited mandate, the entire sentencing process should not be reopened").

Doc. 57, at 2.  Accordingly, the Court will resentence Fulford, without a hearing, using the revised sentencing guidelines and guideline range specified in the March 7 Order.[2]

After careful review of the parties' briefs, the Presentence Investigation Report, the transcript and the Court's recollections of the original sentencing hearing (including the arguments of counsel and defendant's allocution), and all other portions of the file deemed relevant, the Court imposes a low-end guideline sentence of **121 months** on Counts II and III, and **120 months** on Count I, all such terms to run concurrently.  All other provisions of the original Judgment (doc. 41) entered on June 22, 2010 remain in full force and effect.

In resentencing Fulford in this manner, the Court finds that the advisory guideline range provides for an appropriate sentence and is otherwise reasonable, given the statutory purposes of sentencing and based on the facts and circumstances of the case.  In determining that a guideline sentence is appropriate, the Court has considered the factors specified in 18 U.S.C. § 3553(a), including without limitation the serious and frankly shocking nature of Fulford's offense conduct, which included distributing child pornography to persons whom he understood to be children in the course of Internet chats; Fulford's personal characteristics and history, including his productive career, lack of criminal history, strong family ties, and so on; and Fulford's conduct as a positive, cooperative, and productive inmate during the last two years.[3]  The sentence imposed addresses the seriousness of the offense and meets the sentencing objectives of deterrence, incapacitation and punishment.

DONE and ORDERED this 2nd day of April, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]     Neither defendant nor the Government has objected to these new guidelines calculations, excepting the Government's contention that the five-level § 2G2.2(b)(3)(C) enhancement does apply to Fulford.

[3]     Last year, the Supreme Court held that evidence of post-sentencing rehabilitation is properly considered after a sentence has been set aside on appeal.  *See Pepper v. United States*, --- U.S. ----, 131 S.Ct. 1229, 1249, 179 L.Ed.2d 196 (2011) ("District courts post-*Booker* may consider evidence of a defendant's postsentencing rehabilitation at resentencing" after initial sentence is set aside on appeal).