IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID CLIFTON FULFORD,          :

    Petitioner,                 :
                                  CIVIL ACTION 12-0708-WS-M
v.                              :
                                  CRIMINAL ACTION 09-0257-WS-M
UNITED STATES OF AMERICA,       :

    Respondent.                 :


## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 61). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate (Doc. 61) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner David Clifton Fulford. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma*

1

*pauperis.*

Fulford was indicted on November 25, 2009 for possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256(8)(A) (count one); two counts of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) (counts two and three); and forfeiture pursuant to 18 U.S.C. § 2253 (Doc. 1).  On January 26, 2010, Fulford pled guilty to possession of child pornography and two counts of distributing child pornography (counts one-three) (*see* Doc. 24).  On April 22, Judge William H. Steele granted the Government's Motion for Forfeiture of Property as to Fulford (Doc. 32).  On June 4, Judge Steele sentenced Petitioner to 120 months in prison on the possession charge and 210 months in prison on each of the two distribution charges, all to be served concurrently, as well as a lifetime of supervised release, on each of the three counts, to run concurrently, following his release from prison, and an assessment of three hundred dollars; he was also fined $20,000.00 (*see* Doc. 41).

Fulford appealed his conviction (Doc. 39).  On November 14, 2011, the Eleventh Circuit Court of Appeals, in a written opinion, vacated the sentence as to the two distribution charges and remanded the action back to this Court for a determination as to whether the "government ha[d] proven by a preponderance of

the evidence that at the time Fulford sent the child pornography [the receiver] was under 18 years of age" (Doc. 50, p. 18). *United States v. Fulford*, 662 F.3d 1174, 1181 (11th Cir. 2011).

On March 7, 2012, Judge Steele, on remand, determined that the Government had not proven that the person to whom Petitioner had distributed the pornography was under the age of 18 (Doc. 55). On April 2, 2012, Judge Steele resentenced Fulford to 121 months on each of the two distribution charges, to be served concurrently with the 120-month sentence for possession; all other portions of the original sentence were to remain in effect as first ordered (Doc. 58). Petitioner did not appeal.

On November 2, 2012, Fulford filed this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in which he raised the following claims: (1) His sentence exceeds the statutory maximum; (2) his fine was excessive; (3) the enhancements to his sentence are unconstitutional; and (4) the same evidence was used to prove elements of each of the three convictions (Doc. 61). Respondent filed a response on December 19, 2012 (Doc. 63) to which Petitioner replied (Docs. 67-68). The Government subsequently filed two more pleadings, one prompted by the Court (Docs. 69, 72); Fulford filed an additional pleading as well (Doc. 73).

In its initial response, the Government asserted that these

3

claims are all procedurally defaulted because they were not raised on appeal (Doc. 63, pp. 3-6). The Court notes that,

> [g]enerally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge. A defendant may overcome this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error.

*Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004), *cert. denied*, 543 U.S. 1080 (2005) (*citing Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir.1994)). The Court further notes that "[a] procedural default created by a failure to appeal can also be overcome if a defendant can show a fundamental miscarriage of justice, such as actual innocence." *Black*, 373 F.3d at 1142 n.2 (*citing Mills*, 36 F.3d at 1055) (*citing Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Petitioner replied by asserting, for the first time, the ineffectiveness of his attorney for failing to raise these claims as Fulford had requested him to do (Doc. 67). In *Strickland v. Washington*, 466 U.S. 688 (1984), the United States Supreme Court defined the showing a habeas petitioner must make to prevail on an ineffective assistance claim:

4

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. In *Evitts v. Lucey*, 469 U.S. 387 (1985), the United States Supreme Court extended *Strickland* to the appellate level, stating that "[a] first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." *Evitts*, 469 U.S. at 396.

In answering Fulford's assertion that it was his attorney's ineffective assistance that led to his failure to raise these claims, Respondent has skipped over the first prong of the procedural default analysis and proceeded directly to the prejudice prong analysis (Doc. 72, p. 2) ("But putting aside whether, under the circumstances of this case, blaming his appellate counsel amounts to 'cause' for his default, he comes nowhere near demonstrating any actual prejudice from the

5

default.  That is because, to begin with, the claims are plainly frivolous").  Mindful that Petitioner must demonstrate both prongs of the analysis to get past the procedural default bar, the Court will follow the Government's lead and consider the prejudice suffered before considering the cause thereof.

Fulford first claims that his sentence exceeds the statutory maximum in two ways.  Petitioner first claims that the maximum sentence he could receive on any of the three charges was 120 months; he next claims that it was improper to sentence him to a lifetime of supervised release following his imprisonment (Doc. 61, pp. 16-17).

Fulford pled guilty to two counts of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) (Doc. 1, 24).[1]  Under § 2252A(b)(1), Petitioner could be imprisoned for a term of "not less than 5 years and not more than 20 years."  Fulford's assertion that 120 months was the maximum sentence he could receive on his distribution charges is plainly wrong.  Judge Steele's sentence of 121 months clearly falls within the range of five-to-twenty years.

---

[1] The Court will not discuss the possession conviction here as Fulford was sentenced to 120 months, a sentence that he has admitted is not improper (Doc. 61, pp. 16) ("The maximum statutory sentence the Court was allowed to have imposed upon Petitioner was 120 months").

The second part of Fulford's claim is that it was improper for Judge Steele to sentence him to a lifetime of supervised release following his imprisonment. The statute that provides instruction for sentencing a Defendant to a term of supervised release after imprisonment states that "the authorized term of supervised release for any offense under section 1201[2] involving a minor victim, and for any offense under section . . . 2252A, . . . is any term of years not less than 5, or life." 18 U.S.C. § 3583(k). Fulford was convicted under § 2252A; therefore, a lifetime term of supervised relief does not exceed the statutory maximum amount of time that he could be sentenced.

The two parts of Petitioner's claim here are both without merit. As Fulford's sentence falls within statutory limits, the Court finds that he has not demonstrated any prejudice in his attorney's failure to raise a claim otherwise. Petitioner has not proven the necessary prejudice to overcome the procedural default bar as to his first claim.

Fulford next claims that his fine was excessive. This claim, too, comes to the Court in two parts (Doc. 61, pp. 17-19). First, Petitioner asserts that he was double-billed for the fine amount; second, he asserts that the amount of the fine

---

[2] 18 U.S.C. § 1201 concerns kidnapping and is not relevant here.

should have been a part of the jury's determination and not an edict passed down by the Court.

Fulford was fined $20,000 as part of his sentence (Docs. 41, 58). Petitioner has asserted that he was double-billed in that the Government levied his Regions Bank account for the amount and his mother issued a personal check for the amount as well (Doc. 61, pp. 17-18). Petitioner has provided a copy of an overdraft notice indicating that $20,000.00 was garnished from his Regions account on July 16, 2012; the notice, however, does not indicate to whom the payment was made (Doc. 68, Exhibit 2, p. 1). Fulford then provides a copy of a check for $23,000.00 made out to him by his mother that was purportedly written to cover the cost of the garnishment from Regions Bank (Doc. 68, Exhibit 2, p. 2; *see also* Doc. 68, p. 1). Petitioner does not show what happened to this check, however; he could have done anything with it. The Court acknowledges, though, that Respondent has provided a letter from a Regions Bank Vice-President, dated February 19, 2013, stating that the Bank "has not paid money into the Court . . . in the amount of $20,000.00" and goes on to say that "the funds were released back to the Defendant" (Doc. 69, Exhibit 5).

The Court finds that the evidence provided by the Parties, cumulatively, demonstrates that although money was initially

8

withdrawn from Fulford's Regions account, it was, according to Regions Bank, returned to the account. The evidence does not prove, however, as Petitioner has asserted, that a $20,000.00 payment was made to this Court by Regions Bank.

The Court acknowledges that the Court fine was paid (*see* Doc. 68, Exhibit 3; Doc. 69, Exhibit 4). However, Fulford has not demonstrated that it was paid twice.

Petitioner has also asserted that his fine of $20,000.00 was excessive and that the amount should have been determined by the jury (Doc. 61, p. 19). The Court first notes that, under statutory law, Fulford could have been fined as much as $250,000.00. 18 U.S.C. § 3571(b)(3).

To support his argument that the amount of his fine should have been determined by a jury, Petitioner has cited the recent U.S. Supreme Court decision, *Southern Union Co. v. U.S.*, --- U.S. ---, 132 S.Ct. 2344, 2348 (2012). The first line of that decision proclaims that "[t]he Sixth Amendment reserves to juries the determination of any fact, other than the fact of a prior conviction, that increases a criminal defendant's maximum potential sentence." *Southern Union*, 132 S.Ct. at 2348 (*citing Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004)). The Court went on to hold

that the rule applied to criminal fines as well. *Southern Union*, 132 S.Ct. at 2349.

The Court finds *Southern Union* inapplicable here. In that case, the Defendant was subject to a fine of $50,000.00 per day for each day it was in violation of the Resource Conservation and Recovery Act of 1976. The Court set a maximum fine of $38.1 million based on 762 violation days. *Southern Union*, 132 S.Ct. at 2349. The jury, however, did not make a determination as to the number of days that the defendant had actually violated the statute. The Supreme Court held that the trial court erred in making the factual determination itself of how many days the defendant had violated the statute; the Southern Union Court did not find, however, as alleged by Petitioner, that the jury should determine the amount of the fine.

In this action, there was no need for the jury to reach any such determination. Fulford pled guilty to the charge. Under the statute, he was subject to a fine. The fine was far less than the maximum amount allowed. Petitioner's claim is without merit.

The two parts of Petitioner's claim here are both without merit. Fulford has failed to demonstrate that he was double-billed the $20,000.00 fine; he has also failed to show that the fine was excessive as it falls far short of the statutory

10

maximum amount allowed for his conviction. Finally, his assertion that the jury should have been allowed to determine the amount of his fine has no legal basis. As such, the Court finds that he has not demonstrated any prejudice in his attorney's failure to raise these claims as they would have been futile. The Court further finds that Fulford has not proven the necessary prejudice to overcome the procedural default bar as to his second claim.

Petitioner's third claim is that the enhancements to his sentence are unconstitutional. More specifically, Fulford asserts that his sentence was raised thirteen levels because the images for which he was convicted were characterized four different ways, leading to four different enhancements to his base offense level (Doc. 61, pp. 20-21). The objection focuses on the fact that a single image could trigger multiple enhancements.

The Presentence Investigation Report sets out the sentence enhancements of which Fulford complains. They are as follows:

> 33. **Specific Offense Characteristic:** Pursuant to the provisions found in U.S.S.G. § 2G2.2(b)(2), two levels are added since the offense involved material containing images of prepubescent minors or minors under the age of 12.
>
> ***

> 35. **Specific Offense Characteristic**: Since the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, the offense level is increased four levels, pursuant to the provisions found in U.S.S.G. § 2G2.2(b)(4).
> 36. **Specific Offense Characteristic**: Since the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, the offense level is increased two levels, pursuant to the provisions found in U.S.S.G. § 2G2.2(b)(6).
> 37. **Specific Offense Characteristic**: Based on discovery provided by the government, the offense involved 600 or more images. Pursuant to the provisions found in U.S.S.G. § 2G2.2(b)(7)(D), the offense level is increased five levels.

(Doc. 29, pp. 10-11; *cf.* Doc. 61, p. 20).

The Court's review of these enhancements demonstrates four distinct categories. Fulford is correct in stating that a single image could lead to sentence enhancements from several different categories. Nevertheless, he has failed to point to a single case supporting his argument that this is, somehow, improper. The Court finds that Petitioner has failed to demonstrate how the use of multiple sentence enhancements was unconstitutional. As such, the Court finds that Fulford has not demonstrated any prejudice in his attorney's failure to raise this claim on appeal as it would have been futile. The Court

further finds that Petitioner has not proven the necessary prejudice to overcome the procedural default bar as to his third claim.

Fulford's final claim is that the same evidence was used to prove elements of each of his three convictions. Petitioner's argument, essentially, is that he has been sentenced three times for a single, ongoing offense (Doc. 61, pp. 21-23). He has characterized this as a double jeopardy violation.

The Double Jeopardy Clause of the Fifth Amendment states that no person shall "be subject to the same offence to be twice put in jeopardy of life or limb." *Beverly v. Jones*, 854 F.2d 412, 414 (11th Cir. 1988), *cert. denied*, 490 U.S. 1082, (1989) (*quoting* U.S. Const. amend. V, cl. 2). When analyzing double jeopardy claims, this Court looks to the opinion rendered in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), where the United States Supreme Court held that two offenses were the same unless each required proof of an additional fact not required in the other. *See Beverly*, 854 F.2d at 414. "[T]herefore, a greater offense is the same as any lesser offense included within it since it is invariably true that the lesser offense requires no proof beyond that which is required for the greater one." *Id.* (*citing Brown v. Ohio*, 432 U.S. 161, 168 (1977)).

The indictment charges Fulford with possessing child pornography on September 16, 2009 (count one), receiving and distributing child pornography on July 26, 2009 (count two), and receiving and distributing child pornography on August 28, 2009 (count three) (Doc. 1). Petitioner pled guilty to all of these charges (Doc. 24). These charges represent three distinct offenses as possession of child pornography is a punishable offense unto itself. Additionally, Fulford distributed child pornography on two separate occasions. Petitioner's claim otherwise is without merit. As such, the Court finds that Fulford has not demonstrated any prejudice in his attorney's failure to raise this claim on appeal as it would have been futile. The Court further finds that Petitioner has not proven the necessary prejudice to overcome the procedural default bar as to his fourth claim.

Fulford has raised four claims in this petition. All four of the claims are procedurally defaulted as they were not raised on appeal. Furthermore, the Court finds that Petitioner has failed to demonstrate that he has been prejudiced by his attorney's failure to raise these claims on appeal as they were without merit and it would have been futile to have raised them. The Court further finds that Fulford has not demonstrated that a miscarriage of justice will be visited upon him by the Court's

failure to consider the merit of these claims; additionally, there has been no assertion—much less demonstration—of actual innocence. Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner David Clifton Fulford.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Fulford did not raise these claims on appeal, and has not overcome the procedural default bar, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Fulford should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2255, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within

fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 15th day of August, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE