# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID CLIFTON FULFORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CRIMINAL NO. 09-0257-WS-M |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This matter comes before the Court on petitioner's Motion to Vacate the Judgment and Order (doc. 83), and his Objection to the Magistrate Judge's Report and Recommendation (doc. 84).

On August 15, 2013, Magistrate Judge Milling entered a Report and Recommendation (doc. 75) recommending that petitioner David Clifton Fulford's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 61) be denied in its entirety. At Fulford's request, the undersigned granted him an extension of time through and including October 18, 2013 to file objections to the Report and Recommendation. (Doc. 78). The deadline passed without any objections being filed. On October 23, 2013, the undersigned entered an Order (doc. 79) and Judgment (doc. 80), adopting the Report and Recommendation, denying Fulford's § 2255 motion, denying him a certificate appealability, and declaring that he is not entitled to proceed on appeal *in forma pauperis*.

The following day, the Clerk of Court received a mailing from Fulford, postmarked October 22, 2013, and purporting to be dated October 17, 2013. In that mailing, Fulford requested a second enlargement of time to object to the Report and Recommendation. (Doc. 81). Petitioner does not indicate when he presented his postage-prepaid envelope to prison authorities for mailing, much less show that he did so prior to the October 18 deadline for objections. On October 25, 2013, the undersigned entered an endorsed Order (doc. 82) denying the motion for extension as having been postmarked and filed after the court-specified deadline and after entry

of judgment, such that it was untimely. The October 25 Order further stated, "Petitioner has paid his fine. Court records demonstrate that the fine was paid once, not twice. Any dispute Petitioner may have regarding his bank account is a matter between Petitioner and his bank, and not this Court." (Doc. 82.)

Now petitioner belatedly seeks vacatur of the October 23 Order and Judgment, complaining that he was never given a fair opportunity to present objections to the Report and Recommendation. He also submits a seven-page document styled "Petitioner's Objections to the Report and Recommendation" (doc. 84). Setting aside the obvious timeliness issue with these Objections, petitioner would nonetheless be entitled to no relief on the merits.

On page 1 of his Objections, petitioner balks that the Report and Recommendation misrepresented that he was charged with and convicted of violating 18 U.S.C. § 2256(8)(A). (Doc. 84, at 1.) This objection is frivolous. Count One of the Indictment to which Fulford entered a plea of guilty charged him with possessing images of child pornography "[i]n violation of Title 18, United States Code, Section 2252A(a)(5)(B) *and Section 2256(8)(A)*." (Doc. 1, at 1 (emphasis added).) Petitioner also complains that the Report and Recommendation failed to recognize that "ineffective assistance is properly raised in a § 2255 Motion." (Doc. 84, at 1.) To the contrary, the Magistrate Judge correctly observed that in order to surmount a procedural default, petitioner must show both cause and prejudice. *See, e.g., Brown v. United States*, 720 F.3d 1316, 1333 (11th Cir. 2013) ("To obtain collateral relief on errors that were not raised on direct appeal, Brown must show both (1) cause excusing his double procedural default, and (2) actual prejudice resulting from the errors of which he complains.") (citation and internal marks omitted). While couching his claims as ineffective assistance may establish the requisite cause, it does nothing to meet Fulford's burden of showing prejudice. *See id.* (in order for constitutionally ineffective assistance to constitute cause, "the claim of ineffective assistance must have merit"); *Kormondy v. Secretary, Florida Dep't of Corrections*, 688 F.3d 1244, 1274 (11th Cir. 2012) ("To make out a Sixth Amendment ineffective-assistance claim under *Strickland*, a petitioner must show (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defense."). The Report and Recommendation recognized and applied these black-letter principles; therefore, petitioner's Objection that it failed to do so is **overruled**.

Next, Fulford objects that the Report and Recommendation did not address his argument for relief under *Alleyne v. United States*, --- U.S. ----, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Such criticism is unfair and unreasonable. By all appearances, the first time Fulford <u>ever</u> raised his *Alleyne* issue was in a "Supplemental Memorandum of Law" (doc. 76) filed on August 22, 2013, more than a month after the close of briefing and a week after entry of the Report and Recommendation. The Magistrate Judge cannot be faulted for not reading Fulford's mind to anticipate a claim he had never raised. Even assuming (without deciding) that (i) it was procedurally permissible for Fulford to raise a new § 2255 claim in a post-R&R brief, and (ii) *Alleyne* is retroactive, this claim fails on the merits. The holding of *Alleyne* was that "facts that increase mandatory minimum sentences must be submitted to the jury." 133 S.Ct. at 2163. By "mandatory minimum sentences," the *Alleyne* Court meant <u>statutory</u> minimum sentences, not advisory guideline ranges. *See id.* at 2163 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury."). By pleading guilty to violations of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(a)(2), and 2252A(b)(1), Fulford faced a statutory range of "not more than 10 years" on Count One, and "not less than 5 years and not more than 20 years" on Counts Two and Three. 18 U.S.C. § 2252A(b)(1), (2). These were the default mandatory minimum sentences for the offenses to which Fulford pled guilty, and for which he was sentenced. There were no enhanced mandatory minimum sentences in play, so *Alleyne* is inapplicable.[1] This objection is **overruled.**

Fulford also objects to the Report and Recommendation's determination that he showed no *Strickland* prejudice with respect to his counsel's failure to object to the various sentence

---

[1] *See, e.g., United States v. Baum*, 2013 WL 5685786, *2 (10th Cir. Oct. 21, 2013) (rejecting *Alleyne* argument that Government must prove number of images of child pornography defendant possessed beyond a reasonable doubt "because the enhancement increased his advisory Guidelines range," whereas *Alleyne* was concerned solely with mandatory minimum sentences); *United States v. Anderson*, 2013 WL 3455791, *5 n.1 (4th Cir. July 10, 2013) ("*Alleyne* involves the application of mandatory minimum sentences and is not relevant to the advisory Guidelines enhancement dispute here."); *United States v. Neuner*, 2013 WL 3456747, *3 n.3 (5th Cir. July 10, 2013) (defendant's request to apply *Alleyne* "to this advisory guidelines sentence is misplaced" because "[t]he *Alleyne* decision applies to inappropriate increases in statutory mandatory minimum sentences"); *Dyson v. United States*, 2013 WL 4520034, *2 (N.D. W.Va. Aug. 26, 2013) ("determinations as to appropriate guideline range are rightfully made by the sentencing judge, and the Supreme Court's decision in *Alleyne* does not [a]ffect the judge's authority in this regard").

enhancements he received, insofar as such enhancements involved "multiple use of the same images." (Doc. 84, at 3-5.) As the Magistrate Judge correctly found, petitioner has failed to identify any reasonable argument that either sentencing counsel or appellate counsel could have presented to defeat or mitigate application of those enhancements to Fulford's sentence. There being no reasonable probability that the outcome of Fulford's sentencing proceeding would have been different if counsel had made the legally baseless arguments that Fulford says he should have presented (*i.e.*, objections to the same images being used for multiple enhancements), petitioner has not established *Strickland* prejudice.[2] Accordingly, this objection is meritless.

Finally, petitioner objects to the Report and Recommendation's resolution of his claim alleging double-billing of the $20,000 fine imposed as part of his sentence. Clerk of Court records show that the fine was paid only once, via personal check dated July 12, 2012 and drawn on a BankTrust account. (Doc. 69, Exhs. 2 & 4.) And Regions Bank's internal investigation confirmed that it did not separately pay those funds over to the Clerk of Court via garnishment (as defendant hypothesizes). (Doc. 69, Exh. 5.) Based on this clear evidence, the Magistrate Judge properly found that the record establishes that Fulford's court fine was paid once, not twice. (Doc. 75, at 8-9.) For nearly a year, petitioner has been arguing that the fine was double-paid.[3] In that time span, however, he has uncovered and presented no evidence to support such a position. In his Objections, Fulford indicates that he is awaiting additional, unspecified information from Regions Bank and "requests that the Court hold this matter in abeyance" until he receives it. (Doc. 84, at 6.) This request is **denied**. All records before the Court (including a summary of Regions Bank's February 2013 investigation) confirm that there was no double-payment. Whatever issues petitioner now has concerning the $20,000 he says Regions Bank

---

[2] Counsel is not ineffective in failing to raise meritless arguments. *See, e.g., Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) ("Chandler's appellate counsel was not ineffective for failing to raise a nonmeritorious issue."); *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance"); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client").

[3] Indeed, in a memorandum of law filed in support of his § 2255 petition on November 9, 2012, Fulford argued that the Government "took the total amount of $20,000.00 from Patitioner's [*sic*] bank account and Petitioner's mother had also mailed a check to the government, which was cashed and caused the overpayment of $20,000.00." (Doc. 61-1, at 5.)

owes his mother do not concern this Court or these § 2255 proceedings.  Again, Fulford has had a full year to develop evidence and documentation proving his double-payment allegation, yet all record evidence runs contrary to his claim.

For all of the foregoing reasons, petitioner's Motion to Vacate the Judgment and Order (doc. 83) is **denied**, and his Objections to the Report and Recommendation (doc. 84) are **overruled** in their entirety.  Insofar as petitioner might desire to appeal this ruling and/or the underlying Order and Judgment to the Eleventh Circuit (as he indicates in the Motion to Vacate), he must file a timely notice of appeal pursuant to Rule 4(a), Fed.R.App.P.  As stated in the Order and Judgment, petitioner is not granted a certificate of appealability and is not entitled to appeal *in forma pauperis*.

DONE and ORDERED this 5th day of November, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE